

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARCO FRAUSTO,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICIA WHYBREW, et al.,<br><br>    Defendant(s). | No. CV 07-4422-SVW (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered denying the Petition without prejudice for failure to prosecute.

DATED: APR 2 4 2008

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 22 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MARCO FRAUSTO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PATRICIA WHYBREW, SANDRA AMOTT, DOES 1 TO 10,<br><br>　　　　Defendants. | No. CV 07-04422-SVW (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Stephen V. Wilson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that this action be dismissed without prejudice for failure to prosecute.

///
///
///
///
///
///

I.

## PROCEDURAL BACKGROUND

On July 30, 2007, Marco Frausto ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, 1986. The defendants are Patricia Whybrew (Plaintiff's ex-wife) and Sandra Amott (an agent/employee of Child Support Services in Santa Barbara, California). (Complaint at 2.)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court screened the complaint before ordering service to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On August 13, 2007, the Court filed an Order Dismissing Complaint With Leave to File Amended Complaint ("Order"). After careful review and consideration of the complaint under the relevant legal standards, the Court concluded that the complaint failed to state a claim upon which relief could be granted. In summary, Plaintiff alleged no specific deprivation of rights under the United States Constitution or federal laws by either defendant.

The Court afforded Plaintiff the opportunity to file a First Amended Complaint to cure any deficiencies and provided Plaintiff with a blank Central District civil rights complaint form. The Court ordered that any First Amended Complaint be filed no later than 30 days from the date of the Order, September 13, 2007. The Order expressly warned Plaintiff that "if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of his Complaint as discussed herein, the Court will recommend that the action be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b)."

Plaintiff did not file a First Amended Complaint or otherwise respond to the Order.

On September 18, 2007, the Court issued an Order to Show Cause no later than October 12, 2007, why this action should not be dismissed for failure to prosecute

and/or failure to comply with a court order. The Court expressly stated that filing the First Amended Complaint on or before October 12, 2007 shall be deemed compliance with the Order to Show Cause. The Order again warned Plaintiff that "if he fails to timely file a First Amended Complaint no later than October 12, 2007, the Court will recommend that the action be dismissed without prejudice for Plaintiff's failure to prosecute and/or failure to comply with a court order."

To date, Plaintiff has not filed a First Amended Complaint and has not responded to the Court's Order filed on September 18, 2007.

## II.

## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.) (district court may dismiss action for failure to comply with any order of the court), cert. denied, 506 U.S. 915 (1992).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. See *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Plaintiff has failed to file a First Amended Complaint or respond to the Court's Order to show cause

why this action should not be dismissed for failure to prosecute and/or failure to comply with a court order. Plaintiff's conduct hinders the Court's ability to move this case toward disposition, and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently. *Eisen*, 31 F.3d at 1452-53. That presumption may be rebutted where a Plaintiff proffers an excuse for delay. Plaintiff has failed to come forward with any excuse or reason for delay.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. It is, however, a Plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to file a First Amended Complaint or respond to an Order of the Court.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Court attempted to avoid dismissal by issuing an Order to show cause that reminded Plaintiff to file a First Amended Complaint or otherwise respond to the Order. Moreover, the Court expressly warned plaintiff that failure to comply may result in the dismissal of this case. Despite these warnings, Plaintiff has failed to fulfill his obligations.

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. In this case, Plaintiff has been cautioned twice about the possibility of dismissal in the Court's Orders dated August 13, 2007, and September 18, 2007, and will be afforded further notice by service of this Report and Recommendation.

Accordingly, it is recommended that plaintiff's action be dismissed without prejudice for failure to prosecute.

## III.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that judgment be entered dismissing this action without prejudice for failure to prosecute.

DATED: October 22, 2007

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.